UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, AND ITS JOINT BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIDINI COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-05985-PJH<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 55 |

Before the court is defendant Lidini Co. and Ali Noureddini's ("defendants") motion to set aside entry of default and judgment. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

On October 18, 2017, plaintiffs[1] filed a complaint ("Compl.") in this ERISA action alleging one claim for violation of title 29 U.S.C. § 1145. Dkt. 1. Plaintiffs personally served defendants' agent for service of process on November 5, 2017. Dkt. 11. On February 15, 2018, plaintiffs filed a request for entry of default, (Dkt. 16), which the Clerk of Court entered five days later, (Dkt. 17). On March 29, 2019, plaintiffs filed a motion for default judgment, (Dkt. 30), which the court referred to Magistrate Judge Sallie Kim for a report and recommendation, (Dkt. 34). Judge Kim issued her report and

---

[1] Plaintiffs are employee benefit plans, and their respective trustees are the named fiduciaries. Compl. ¶¶ 1–2.

recommendation on June 17, 2019, recommending that the court enter default judgment in favor of plaintiffs and award $32,187.09 in unpaid contributions, liquidated damages, interest, audit fees, attorneys' fees, and costs. Dkt. 42. The court adopted Judge Kim's report and recommendation in full, (Dkt. 47), and on August 9, 2019, entered judgment in favor of plaintiffs, (Dkt. 48). On August 21, 2020, defendants appeared in this action and filed the present motion. Dkts. 54, 55.

This ERISA action arose because in August 2013, defendants entered into bargaining and employers' agreements that required them to pay monthly fringe benefit contributions to plaintiffs, a group of trust funds. Opp. at 3. The agreements generally required defendants to maintain time records and submit all relevant records to plaintiffs' auditors to determine whether defendants made full and prompt payment of all sum required by the agreements. Id. at 4. Plaintiffs' auditors attempted to contact defendants in January 2017, but defendants failed to respond. Id. at 5. Defendants also failed to respond to plaintiffs' counsel, which caused plaintiffs to file the present action. Id.

While defendants did not appear in this action, their counsel, Nolan Del Campo, informed plaintiffs that defendants were prepared to consent to the audit and defendants eventually provided information to plaintiffs. Id. at 6. Plaintiffs' auditors completed the audit by June 2018 and, despite intimations from defendants that they might contest the audit findings, defendants did not dispute the findings. Id. The audit determined that defendants owed payments to plaintiffs and, after repeated demands for payment, plaintiffs filed their motion for default judgment in this case to collect the amounts owed plus liquidated damages, interest, costs, and fees. Id. As described above, defendants did not appear in this action prior to entry of judgment and the court entered final judgment in favor of plaintiffs. Defendants now seek relief from that judgment.

A federal court may set aside an entry of default for "good cause" and a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating default judgment under Rule 60(b)." Franchise Holding II, LLC v.

Huntington Restaurants Grps., Inc., 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted).

In determining whether good cause exists, the court considers three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant had a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. Bandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011) (citation and internal quotation marks omitted). This standard is disjunctive, meaning that the court may deny the request to vacate default if the defendant fails to satisfy any of the three factors. See id.; see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). When considering whether to vacate a default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Haw. Carpenters' Tr. Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). The party seeking to set aside entry of default bears the burden of showing good cause under this test. Id. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994).

At the outset, defendants' motion is untimely. Defendants contend that their failure to appear in this action was the result of mistake, inadvertence, surprise, or excusable neglect. Mtn. at 7. In other words, they contend that Rule 60(b)(1) supplies the basis to relieve them of final default judgment under Rule 55(c) and Rule 60(b). However, as plaintiffs point out, Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment . . . ." Fed. R. Civ. P. 60(c)(1). In this case, the court entered default judgment on August 9, 2019 and defendants appeared and filed the present motion on August 21, 2020, more than a year since the court entered judgment. It is notable that after plaintiffs raised this argument, defendants failed to file a reply brief explaining why the court should not apply Rule 60(c)(1). Defendants' failure to move for relief within a year is sufficient to deny their motion.

Even if the court were to consider the merits of defendants' motion,[2] they still fail to demonstrate good cause. "If a default judgment is entered as the result of a defendant's culpable conduct [a court] need not consider whether a meritorious defense was shown, or whether the plaintiffs would suffer prejudice if the judgment were set aside." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." Id. (citing Pena, 770 F.2d at 815; Benny v. Pipes, 799 F.2d 489, 494 (9th Cir. 1986)).

Here, defendants have been on notice of this lawsuit since November 2017 and failed to appear until August 2020 despite repeated communications and service from plaintiffs concerning the relevant procedural aspects of this suit. Plaintiffs personally served defendants' agent for service of process (who is also one of the named defendants) on November 5, 2017. Dkt. 11. Following the Clerk's entry of default, plaintiffs served that entry on defendants on February 22, 2018. Dkt. 18. On March 29, 2019, plaintiffs filed a motion for default judgment and concurrently served both defendants and their counsel with the motion. Dkts. 30–33.

Further, plaintiffs provide evidence that defendants' counsel was aware of plaintiffs' filings and still failed to appear or oppose the filings. See Stafford Decl., Ex. B (stating on November 29, 2017 that defense counsel had "reviewed the Complaint and supporting documents, and are prepared to file a formal Answer in a day or two"). As a second example, plaintiffs emailed defendants' counsel copies of this court's August 9, 2019 order and judgment, (id. ¶ 25), and counsel responded by attempting to negotiate some resolution while also acknowledging the judgment, (id. ¶ 26 ("I noticed that your client was awarded a Judgment on August 9, 2019 and Writ of Execution on October 17,

---

[2] For example, Rule 60(b)(6) permits the court to relieve defendants from the judgment if there is "any other reason that justifies relief," which is not limited to the one-year limit in Rule 60(c)(1).

4

2019. My client remains willing to resolve this dispute.")). Also troubling, plaintiffs previously filed a complaint against defendants in a separate action (Bay Area Painters & Tapers Pension Tr. Fund, and its Joint Bd. of Trs. et al. v. Lidini Co. dba Green Com. Painting et al., No. 14-cv-4936-EMC (N.D. Cal.)) in which defendants also failed to appear, the court entered default judgment, and plaintiffs ultimately agreed to set aside the default. Opp. at 1 n1.

Thus, it is evident that defendants have had notice of this suit since its inception in late 2017 yet failed to appear until more than a year after the court entered default judgment. Moreover, defendants have engaged in a pattern of conduct in which they purport to negotiate with plaintiffs but ultimately fail to agree to any resolution or pay what was owed under the agreements. As was the case in Meadows, defendants "received actual notice of the complaint and intentionally declined to answer." Their conduct is culpable and therefore defendants cannot demonstrate good cause.

Finally, defendants argue that plaintiffs failed to serve their motion of entry of judgment upon defendants' counsel in violation of Rule 55(b)(2). Mtn. at 8. Rule 55(b)(2) requires a party to apply to the court for a default judgment and provides in part: "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). "[N]otice is only required where the party has made an appearance," but "[t]he appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court." Civic Ctr. Square v. Ford (In re Roxford Foods), 12 F.3d 875, 879 (9th Cir. 1993) (citing Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977)). "In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit." Id. (quoting Wilson, 564 F.2d at 369).

Defendants assert that plaintiffs became aware that counsel Yasha Rahimzadeh had replaced their previous counsel, Del Campo, was representing defendants for

negotiation purposes, and plaintiffs should have provided Rahimzadeh, rather than Del Campo, with notice of their motion for entry of default judgment.  Mtn. at 8.  This argument fails because, as defendants implicitly concede in their motion, plaintiffs served defendants' counsel at the time, Del Campo, with notice.  Plaintiffs remove any doubt concerning service because they served both defendants and defendants' counsel with their motion for default judgment on March 29, 2019.  Declaration of Michelle R. Stafford ("Stafford Decl."), Dkt. 61, ¶ 15 (citing Dkts. 30–33).  Defendants' purported new counsel, Rahimzadeh, did not contact plaintiffs until April 16, 2019, the day after this court referred plaintiffs' motion to Judge Kim and well after plaintiffs served notice of their motion on defendants.[3]  Stafford Decl. ¶ 18.  In sum, plaintiffs did not fail to provide notice as required by Rule 55(b)(2).

For the foregoing reasons, defendants' motion to set aside default judgment is DENIED.

**IT IS SO ORDERED.**

Dated: October 28, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[3] Significantly, plaintiffs' counsel avers that she told Rahimzadeh that the motion for default judgment had been filed.  Stafford Decl. ¶ 18.  Rahimzadeh then failed to respond until May 7, 2019 and did not appear in this action until August 2020.  This demonstrates that even if the court were to credit defense counsel's informal contacts, defendants did not have "a clear purpose to defend the suit."  In re Roxford, 12 F.3d at 879.